IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

Case No. 2:24-CV-00055-M-RN

SEANISE N. WEBB,

     Plaintiff,

v.                                                                                      ORDER

FRANK J. BISIGNANO,
*Commissioner of Social Security*,

     Defendant.

This matter comes before the court on the Memorandum and Recommendation ("M&R")

issued by United States Magistrate Judge Robert T. Numbers, II [DE 18]. Judge Numbers

recommends that the final decision of the Commissioner be affirmed. *Id.* at 32. The M&R, along

with instructions and a deadline for filing objections, was served on the parties on August 28, 2025.

*See id.* On September 12, 2025, Plaintiff, who is proceeding *pro se*, filed an objection. *See* DE

19. After careful review, the court overrules Plaintiff's objection, adopts the findings and

conclusions contained in the M&R, and affirms the final decision of the Commissioner.

**I.**    **Standard of Review**

A magistrate judge's recommendation carries no presumptive weight. *Elijah v. Dunbar*,

66 F.4th 454, 459 (4th Cir. 2023). The court "may accept, reject, or modify, in whole or in part,

the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate

judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271

(1976). The court "shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a

specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Under § 636(b)(1), the claimant's objections to the M&R must be "specific and particularized" to facilitate district court review. *United States v. Midgette*, 478 F.3d 606, 621 (4th Cir. 2007). On the other hand, "general and conclusory objections that do not direct the court to a specific error" in the M&R fall short of this standard. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (concluding that de novo review was still required under these decisions where a pro se litigant had objected to specific factual findings in the M&R).

A reviewing court must uphold a Social Security disability determination if "(1) the ALJ applied the correct legal standards and (2) substantial evidence supports the ALJ's factual findings." *Arakas v. Comm'r, Soc. Security Admin.*, 983 F.3d 83, 94 (4th Cir. 2020). Evidence is substantial when "a reasonable mind might accept [it] as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This does not require "a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Instead, the evidence must be "more than a mere scintilla . . . but may be less than a preponderance." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Although a court should not "reflexively rubber-stamp the ALJ's findings," a court reviewing for substantial evidence cannot "re-weigh conflicting evidence, make credibility determinations, or substitute its judgment" for the ALJ's. *Arakas*, 983 F.3d at 95. It is enough for the reviewing court to ensure that the ALJ "buil[t] an accurate and logical bridge from the evidence to their conclusions." *Id.* (cleaned up).

## II. Discussion

Plaintiff objects to the M&R on numerous grounds. *See* DE 19. In reviewing her filing, the court is mindful of her status as a *pro se* litigant and has endeavored to "liberally construe[]" all arguments in a light most favorable to her. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed[.]") (internal quotations and citations omitted). Still, most of her objections are "general and conclusory" and do not "direct the court to a specific error" in the M&R's analysis, thus failing to trigger *de novo* review. *See Orpiano*, 687 F.2d at 47. The court addresses each objection (designated as Objections A-K) in turn.

But first, the court clarifies the scope of its review. Attached to Plaintiff's objection are numerous medical documents, and on October 27, 2025, she moved to supplement her objection with more of the same. *See* DE 20. Plaintiff has continually relied on these records to support her position before this court that she is disabled, as defined by 42 U.S.C. § 423(d)(1)(A). That is error. This court does not make independent disability determinations; rather, in reviewing an ALJ's factual findings, it examines the record only to determine whether a finding was supported by "substantial evidence." *Arakas*, 983 F.3d at 94. In doing so, the court "cannot consider evidence which was not presented to the ALJ." *Smtih v. Chater*, 99 F.3d 635, 638 n.5 (4th Cir. 1996). So, the court will not consider the medical documents filed at DE 19 and 20 in its review, and Plaintiff's motion to supplement [DE 20] is denied. With that established, the court turns to Plaintiffs objections.

*Objection A.* Plaintiff's first set of objections concern Judge Numbers' recitation of the case's factual background. After careful review, the court finds that Plaintiff has not identified a specific finding she believes to be mistaken. Instead, she points to several statements made in the M&R and then supplements them with other information found in the record. For example, in

3

subparagraph (c), she highlights Judge Numbers' finding that "Dr. Seavers concluded that there was a 'complex medical problem' with her radiculopathy causing a 'double-crush type phenomenon' and neuritis in the lower extremity." *See* DE 18 at 7–8. In response to this statement, Plaintiff states that she "would like to add" that Dr. Seavers had prescribed her medication for the associated nerve pain. DE 19 at 4–5. These statements do not conflict. After reviewing the other three subparagraphs, the court finds that none of the information supplemented by Plaintiff contradicts the highlighted findings made by Judge Numbers. Accordingly, these are not proper objections and are, to the extent necessary, overruled.

*Objection B.* Similarly, Plaintiff challenges several statements made in Judge Numbers' recitation of the case's procedural background. Both challenged statements summarize the ALJ's finding regarding Plaintiffs' residual functional capacity ("RFC"). *See* DE 18 at 9–10. In her objection, Plaintiff asserts that she "disagreed" with the ALJ's findings because it contradicted her belief about her ability to engage in certain activities. *See, e.g.*, DE 19 at 6 ("Plaintiff disagreed, for she informed the ALJ that she could only sit and stand for 15 to 30 minutes."). Notably, in this portion of the M&R, Judge Numbers did not adopt the ALJ's findings; he merely documented the case's procedural history. Because he recounted that history accurately, Plaintiff's objection is overruled.

*Objection C.* Plaintiff also challenges Judge Numbers' description of the standard of review. *See* DE 19 at 7–8. She states that because she informed the ALJ that her osteoarthritis diagnosis is "progressi[ve] and incurable," he should have concluded that she was disabled. *Id.* at 8. A claimant's subjective testimony is not dispositive to a disability determination. *See* 20 C.F.R. § 404.1529 (stating that "statements about [a claimant's] pain or other symptoms will not alone establish that [she] is disabled"). After reviewing this section in its entirety, the court concludes

4

that Judge Numbers accurately described the process by which an ALJ makes a disability determination, as outlined in 20 C.F.R. § 404.1520. The objection is overruled.

*Objection D.* Next, Plaintiff objects to Judge Numbers' conclusion that the ALJ appropriately considered Plaintiff's subjective statements concerning her symptoms. Plaintiff argues that both Judge Numbers and the ALJ discounted objective medical evidence in the record that supported her position. DE 19 at 8–9. They did not. The Social Security Act's implementing regulations prescribe a two-step process for evaluating a claimant's subjective statements about her medical impairments. *See* S.S.R. 16-3P, 2016 WL 1119029, at 3 (Mar. 16, 2016); 20 C.F.R. 404.1529(b)–(c). First, the ALJ must determine "whether the individual has a medically determinable impairment ("MDI") that could reasonably be expected to produce the individual's alleged symptoms[.]" S.S.R. 16-3P at *3 (capitalization altered); *see also* § 404.1529(b) (describing the need for "medical signs or laboratory findings" to show the presence of an MDI that could produce the alleged symptoms). Second, if such an impairment exists, the ALJ must "evaluate the intensity and persistence of [the] individual's symptoms" to determine how it affects that individual's ability to work and function independently. *Id.* In making this determination, the ALJ must "examine the entire case record, including the objective medical evidence; an individual's statements about the intensity and persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* In this case, the ALJ engaged in an extensive review and analysis of the available medical records, including, as Plaintiff emphasizes here, records concerning her osteoarthritis diagnosis. *See* Trans. DE 7 at 24–45. The ALJ concluded that Plaintif's MDIs were capable of causing the alleged symptoms but that Plaintiff's "statements concerning the intensity, persistence[,] and limiting effects of these symptoms [were] not entirely

5

consistent with the medical evidence[.]" *Id.* at 26. For example, the ALJ recounted Plaintiff's testimony that she left her house three to four times a week, prepared simple meals, shopped, drove, managed her finances, and performed household chores. *Id.* This "level of activity," according to the ALJ, was "inconsistent with [Plaintiff's] allegations of pain so severe as to preclude all work[.]" *Id.* Accordingly, as recounted in the RFC determination, the ALJ found that Plaintiff was capable of performing "a reduce range of light work[.]" *Id.* at 23. Notably, Plaintiff does not address this analysis; instead, she simply echoes her belief that she "does not meet the criteria" for a "Light Work" designation. DE 19 at 8. After reviewing the ALJ's analysis in full, the court concludes that he appropriately assessed both Plaintiff's statements concerning her symptoms and the available medical records shedding light on the same. Plaintiff's objection is overruled.

*Objections E–J.* Finally, Plaintiff challenges the sections in the M&R titled, "Step Two," "Residual Functional Capacity," "Step Five," "Hearing Testimony," "Discrepancies," "State Agency Consultants," and "Dr. Ritterspach." DE 19 at 9–11. In each challenge, Plaintiff asserts that she "stands by [the] argument in her brief and reply brief." *Id.* (capitalization altered) (citing DE 16, 17). On occasion, Plaintiff also briefly reiterates those arguments, but at no point does she address the M&R beyond to state that she disagrees with the conclusions contained within it. *See id.* The arguments that Plaintiff incorporates by reference have already been rejected by Judge Numbers, so the court finds that these objections fail to "direct the court to a specific error" in Judge Numbers' analysis. *See Orpiano*, 687 F.2d at 47. For lack of specificity, these objections are overruled.

6

**III. Conclusion**

For the aforementioned reasons, each of Plaintiff's objections are OVERRULED. The court has reviewed the remaining portions of the M&R and the record, and finding no clear error, ADOPTS the recommendation of the magistrate judge as its own. *See Diamond*, 416 F.3d at 315. For the reasons stated therein, Defendant's request for relief [DE 13] is GRANTED, Plaintiff's request for relief [DE 12] is DENIED, Plaintiff's motion to supplement [DE 20] is DENIED, and the final decision of the Commissioner is AFFIRMED. The Clerk is DIRECTED to enter judgment and close the case.

SO ORDERED this __13th__ day of February, 2026.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE